UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HONGHUI KUANG,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF BRIDGPORT DEPT. OF<br>HEALTH & SOCIAL SERVICES<br>HOUSING & COMMERCIAL CODE,<br>    Defendant. | 3:22-CV-137 (OAW) |

### ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the court upon Defendant's Motion to Dismiss ("Motion"). *See* ECF No. 18. The court has reviewed the Motion, Plaintiff's opposition to the Motion, *see* ECF No. 22, and the record in this matter and is thoroughly apprised in the premises. For the reasons discussed herein, the court grants the Motion.

**I. BACKGROUND**

The facts in this case are not in dispute. Plaintiff, a New York resident, owned a an apartment in Bridgeport, Connecticut, which she used for storage. ECF No. 1 at 1. She allowed someone to stay at the apartment for a few days, but this occupant refused to leave and refused to give Plaintiff access to the premises. *Id.* at 3. Plaintiff planned to sell the apartment and so turned off the utilities, but the occupant refused to give potential buyers access to the apartment. *Id.* at 4. The city received a complaint and inspected the apartment and found it was not in compliance with the health code. *Id.* at 2. The city sent Plaintiff a notice of the noncompliance at her workplace and called her at the same. *Id.* at 2–3.

Plaintiff initiated this action on January 10, 2022, asserting three claims: violation of the Violent Crime Control and Law Enforcement Act, 42 U.S.C. § 12601; unjust enrichment; and harassment and disturbance.  She asks the court to find that Defendant violated the law as claimed, to arrange alternative shelter for any current occupant of the apartment, and to award Plaintiff monetary damages.  Defendant argues that the complaint should be dismissed for failure to state a claim.

## II.  LEGAL STANDARD

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is lacking.  See *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  Further, an action must be dismissed where the facts alleged in the complaint are insufficient to state a plausible claim for relief.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court shall accept as true all factual allegations in the complaint and draw all reasonable inferences in a plaintiff's favor.  See *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; see also *Ashcroft*, 556 U.S. at 684 (concluding that the *Twombly* pleading standard applies in "all civil actions").

### III. DISCUSSION

Defendant argues that as frustrating as Plaintiff's situation is, it does not provide grounds for legal action. Defendant asserts that Plaintiff knew her apartment was occupied, though without her permission, and therefore she was obligated to provide heat and electricity, as required by state law. Plaintiff generally disagrees and asserts that the cases cited in the Motion are inapplicable.

With respect to Plaintiff's first claim, "although § 12601 contains a civil component, it provides authority singularly to the Attorney General . . . ." *Brooks v. U.S. Army 1st Info. Operations Command*, No. 1:23-CV-00189 (UNA), 2023 WL 1963891, at *1 (D.D.C. Feb. 10, 2023). There is no private right to action under the statute Plaintiff cites, and therefore the first claim must be dismissed.

With respect to the second claim, there is no indication in the complaint that Defendant was enriched, at all. In order to succeed on this claim, Plaintiff must show (1) that the city enjoyed some benefit, (2) that the city unjustly did not pay Plaintiff for that benefit, and (3) that the lack of payment was to Plaintiff's detriment. *Greater New York Mut. Ins. Co. v. Robbins Eye Ctr. P.C.*, No. 3:19-CV-01741 (MPS), 2020 WL 7338995, at *3 (D. Conn. Dec. 14, 2020) (citing *Hartford v. Conn. Res. Rec. Auth.*, 970 A.2d 592, 609 (Conn. 2009)). Nothing in the complaint indicates that Defendant received any benefit for which it should have compensated Plaintiff. In fact, in arguing that being required to provide utilities to an illegal occupant is unfair, Plaintiff indirectly acknowledges that the occupant (and not the city) benefited from Plaintiff's paying of utilities. *See AIG Corp. v. Loureiro Eng'g Assocs., Inc.*, No. HHDCV156062349S, 2017 WL 3481517, at *7 (Conn. Super. Ct. July 12, 2017) (granting summary judgment to a defendant where "the entity

obtaining a benefit to the plaintiff's detriment is a third party who is not named as a defendant to this action."). Therefore, the second claim also must be dismissed.

And with respect to the third claim, the court is unable to find Connecticut authority permitting a state civil claim for harassment. *See Lebby v. Wal-Mart Stores E., L.P.*, No. CIV.A. 3:07CV1531SRU, 2008 WL 1924895, at *1 (D. Conn. Apr. 29, 2008) ("Connecticut does not recognize a civil action for harassment.") (*Hon. Stefan R. Underhill, J.*) (citing *Wagner v. Feldstein*, Conn. Super. Ct. (Feb. 7, 2006), AAN-CV05-4003866, 2006 WL 416222 at * 2 (*Hon. John J. Ronan, J.*)); *see also Thomas v. Rogers*, Conn. Super. Ct. (Dec. 12, 2012), LLI-CV12-5007354, 2012 WL 6846542 at *3 ("Connecticut has not recognized a [civil] cause of action for harassment.") (*Hon. John A. Danaher, III, J.*). Hence, this third claim is not cognizable.

For the foregoing reasons, the court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion to Dismiss, ECF No. 18, is **GRANTED;**
2. This action hereby is **DISMISSED;**
3. All pending motions hereby are **DENIED as moot;** and
4. The court respectfully asks the Clerk of Court to **CLOSE** this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 29th day of March, 2023.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE